```
 1  KEVIN V. RYAN (CSBN 118321)
    United States Attorney
 2
    EUMI L. CHOI (WVBN 0722)
 3  Chief, Criminal Division

 4  TIMOTHY J. LUCEY (CSBN 172332)
    Assistant United States Attorney
 5
       450 Golden Gate Avenue, Box 36055
 6     San Francisco, California 94102-3495
       Telephone: (415) 436-7200
 7     Facsimile: (415) 436-7234
       E-mail: Timothy.Lucey@usdoj.gov
 8
    Attorneys for United States of America
 9
```

FILED
FEB 17 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SALAMEH ISSA DABAI,<br><br>    Defendant. | No. CR 05 - 71011 EDL<br><br>[~~PROPOSED~~] SPEEDY TRIAL ORDER |

   WHEREAS, SALAMEH ISSA DABAI ("Dabai") is charged in a criminal complaint with violation of 18 U.S.C. § 371, in an action brought by the United States Postal Inspection Service;

   WHEREAS, Dabai was arrested and made his initial appearance on the aforesaid criminal complaint, before the Honorable James Larson, on January 30, 2006, and was released pursuant to the terms of bail under the direction and supervision of this Court's pretrial services;

   WHEREAS, the last day for the government to arraign Turner on the charge contained in the criminal complaint is Tuesday, February 21, 2006, pursuant to Rule 5.1(c) of the Federal

SPEEDY TRIAL ORDER
[CR 3 05 71011 EDL]

Rules of Criminal Procedure;

WHEREAS, Dabai and his counsel of record are in the process of evaluating the discovery in this action in an effort to explore possibilities for resolving this matter without the need for trial as well as time for the government to receive reports and updates from the drug treatment facility regarding Mr. Dabai in the government's consideration of a disposition of this matter short of indictment;

WHEREAS, the government is agreeable to delaying indictment in order to provide Dabai and his attorney the opportunity to review discovery and prepare for discussions regarding resolution of the matter short of indictment and trial, and where, since arrest preceded indictment in this matter, it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b);

THEREFORE, the parties agree and stipulate as follows:

1. Turner hereby waives his right to have a preliminary hearing conducted within 20 days of his initial appearance while out of custody, pursuant to Rule 5.1(c)-(d) of the Federal Rules of Criminal Procedure, taking into account the public's interest in the prompt disposition of criminal cases and for good cause shown;

2. Dabai hereby waives his right to have all of the charges contained in the criminal complaint on which he arrested and made his initial appearance on January 30, 2006, indicted within thirty days of his arrest, on or before March 1, 2006, as required by 18 U.S.C. § 3161(b);

3. The government and Dabai hereby agree that any indictment by the government, as to charges contained in the criminal complaint, must be filed no later than **March 31, 2006**, pursuant to section 3161(h)(8)(B)(iii);

4. The government and Dabai hereby mutually agree that any preliminary hearing and/or arraignment be held no later than **March 31, 2006**;

The undersigned parties, by and through their counsel, hereby agree and stipulate that this waiver of time under Rule 5.1 of the Federal Rules of Criminal Procedure and section 3161(b) of the Speedy Trial Act shall remain in place until March 31, 2006, because this is a

SPEEDY TRIAL ORDER
[CR 3 05 71011 EDL]

case in which arrest preceded indictment, such that delay in the filing of the indictment is caused because the arrest occurred at time that is unreasonable to expect return and filing of the indictment as to all of the charges contained in the criminal complaint, within the period specified in section 3161(b), pursuant to 18 U.S.C. § 3161(h)(8)(B)(iii).

Moreover, in light of defense counsel's ongoing efforts to review discovery provided by the government and the parties' mutual efforts to resolve this matter short of the necessity for indictment, such that good cause has been shown to continue the date for defendant's preliminary hearing taking into account the public's interest in the prompt disposition of criminal cases, pursuant to F. R. Cr. P. Rule 5.1(d), and further, because this waiver of time will ensure effective preparation of counsel taking into account the exercise of due diligence, such that the ends of justice are served by granting this continuance outweighs the best interest of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161 (h)(8)(B)(iv).

IT IS SO STIPULATED.

_____
BRIAN H. GETZ, ESQ.
for Defendant Salameh Issa Dabai

KEVIN V. RYAN
United States Attorney

_____
TIMOTHY LUCEY
Assistant United States Attorney

IT IS SO ORDERED.

Dated: 2-17-06

_____
HONORABLE MARIA-ELENA JAMES
United States Magistrate

SPEEDY TRIAL ORDER
[CR 3 05 71011 EDL]